**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DENISSE AGUILAR, BRITTNEY MCDONALD, AND AUDRA PRESTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEIS, LLC,<br><br>Defendant. | ) | Case No. 1:26-cv-00306-RLY-MKK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Denisse Aguilar, Brittney McDonald, and Audra Preston ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this First Amended Class Action Complaint against Defendant BEIS, LLC ("Defendant" or "BEIS") and make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a case concerning false and misleading email marketing sent from BEIS to Plaintiffs and the class members.

2. Defendant sends emails containing false or misleading information in the subject lines to Indiana consumers. This case focuses on recent emails sent by BEIS to consumers in Indiana, one of which contains a false subject line that states "Action required: Fraud alert." This email was sent on or around December 1, 2025. The subject line of this email falsely claims that action is required because a fraud alert has been triggered on a consumer's email account or BEIS

account. However, there was no fraud alert. The body of the email contains text saying "SALE EXTENDED" and "The fraud is us . . . sale now extended."

3. Defendant used this false "Fraud alert" email to alarm consumers and entice them to click on the email just to see that a sale had been extended. This kind of false subject line is the exact kind of email the Indiana Deceptive Commercial Electronic Mail statute ("DCEM"), Ind. Code § 24-5-22-7(b)(3), was meant to prevent.

4. Defendant's false "Fraud alert" email violates DCEM. As alleged below, Defendant has sent additional emails violative of the DCEM.

5. By sending emails with false subject lines to Plaintiffs and the Class (defined below), BEIS clogs consumers' email inboxes with false information, seduces Plaintiffs and the Class into opening emails based on false pretenses, undermines Plaintiffs' and Class members' faith in legitimate email advertising, and violates Plaintiffs' and Class members' right to be free from commercial emails with deceptive subject lines.

6. Accordingly, Plaintiffs bring this civil action to put an end to Defendant's illegal conduct. Through this class action lawsuit, Plaintiffs seek monetary damages, and statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## PARTIES

7. Plaintiff Denisse Aguilar is a citizen and resident of Indiana, residing in Elkhart County, Indiana. Plaintiff Aguilar receives emails from Defendant at a gmail.com email address.

8. Plaintiff Brittney McDonald is a citizen and resident of Indiana, residing in Marion County, Indiana. Plaintiff McDonald receives emails from Defendant at a yahoo.com email address.

9. Plaintiff Audra Preston is a citizen and resident of Indiana, residing in Marion County, Indiana. Plaintiff Preston receives emails from Defendant at a gmail.com email address.

10. Defendant BEIS, LLC is a Delaware limited liability company that is headquartered in California. BEIS's sole member is listed as Paul James Brice, a resident of California. Defendant currently is, and at all relevant times in the past has been, engaged in substantial business activities in the State of Indiana.

11. Defendant BEIS owns and operates a large online marketplace open to consumers in the State of Indiana, and sends the marketing emails at issue in this Complaint to consumers throughout Indiana.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) and (6), because (a) the proposed Class consists of at least 100 members; (b) at least one member of the proposed Class is a citizen of a state different from Defendant; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

13. This action was originally filed in the Madison Circuit Court, Madison County, Indiana, and was removed to this Court by Defendant. This Court has supplemental and continuing jurisdiction over Plaintiffs' claims arising under Indiana law.

14. This Court has personal jurisdiction over Defendant because, among other things, Defendant initiated or assisted in the transmission of commercial emails that violate Ind. Code § 24-5-22 to addresses held by Indiana residents. A person outside Indiana who initiates or assists in such transmissions, knowing or having reason to know the messages will be received in Indiana, submits to the jurisdiction of Indiana's courts. Ind. Code § 24-5-22-7(c), § 24-5-22-10(e).

Defendant also has continuous and systematic contacts with Indiana through its sale and marketing of goods to Indiana residents.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because this action was removed from the Madison Circuit Court, Madison County, Indiana, which is located within this District and the Indianapolis Division. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the receipt of the challenged commercial emails by Indiana residents, and because Plaintiffs Brittney McDonald and Audra Preston reside in Marion County, within this District.

## LEGAL FRAMEWORK

16. Indiana's Deceptive Commercial Electronic Mail statute ("DCEM") regulates deceptive email marketing.

17. DCEM prohibits sending a commercial email that "contains false or misleading information in the subject line." Ind. Code § 24-5-22-7(b)(3).

18. DCEM provides that "[a] person who receives the commercial electronic mail message" has a "right of action against a person who initiates or assists in the transmission of a commercial electronic mail message that violates this chapter." Ind. Code § 24-5-22-10(a)(1).

19. A plaintiff who prevails in an action for violation of Ind. Code § 24-5-22 is entitled to "(1) An injunction to enjoin future violations of this chapter," and (2) "Compensatory damages equal to any actual damages proven by the plaintiff . . . . If the plaintiff does not prove actual damages, the plaintiff is entitled to presumptive damages of five hundred dollars ($500) for each commercial electronic mail message that violates this chapter and that is sent by the defendant." Ind. Code § 24-5-22-10(d)(1)–(2).

20. Plaintiffs are also entitled to reasonable attorneys' fees and other litigation costs reasonably incurred in the action. Ind. Code § 24-5-22-10(d)(3).

## BACKGROUND FACTS

### I. BEIS's False Email Scheme

21. On or around December 1, 2025, Defendant sent an email to Plaintiffs and the Class that contained a false or misleading subject line purporting to be an email concerning a fraud alert, stating "Action required: Fraud alert." in the subject line of the email, as shown below:




22. However, once a consumer—likely in a concerned state—clicked on the email, the body of the email revealed that this was not in fact a fraud alert, but instead a commercial marketing email:




23. Almost immediately, consumers began to complain about the fraudulent email sent by BEIS. There was substantial coverage of the fraudulent email featuring the frustrated reactions

of customers.[1] One publication cited a customer's reaction, stating: "I placed 4 orders this weekend. It made my heart sink when I woke up to it."[2]

24. As part of the same deceptive campaign, Defendant also sent a commercial email on or around November 30, 2025 with a subject line representing that its "30% Off" sale was "End[ing] TONIGHT"—that is, that the 30% off sale would end on the night of November 30, 2025. That representation was false. In fact, in Defendant's December 1, 2025 email, Defendant admitted that it committed "fraud" (Defendant's own word) by lying in the November 30, 2025 email about the sale ending, and instead extended the sale. This "Ends TONIGHT" email also violates Ind. Code § 24-5-22-7(b)(3).

25. Defendant BEIS initiated, or alternatively conspired to initiate, the transmission of uniform commercial electronic mail messages with false or misleading subject lines to Plaintiffs and the Class, which Defendant sent as an email blast to consumers in Indiana. The emails were electronic messages sent to electronic mail addresses, and referred to an internet domain, whether or not displayed, to which an electronic mail message could be sent or delivered.

26. Defendant sent the emails for the purpose of promoting its goods for sale.

27. The emails were sent by Defendant or at Defendant's direction and were approved by Defendant.

28. Defendant designed the subject line of its marketing email to tap into consumers' fear of fraud and identity theft. As voiced by customers in the coverage described above, many were frustrated and outraged over the false email because of their fear of identity theft and fraud.

---

[1] Annabel Burba, *Shay Mitchell's Luggage Brand May Have Broken the Law With Its Controversial Email to Customers,* Inc. (Dec. 8, 2025), https://www.inc.com/anabel-burba/shay-mitchells-luggage-brand-may-have-broken-the-law-with-its-controversial-email-to-customers/91275415.

[2] Kayla Aldecoa, *Shay Mitchell's Béis Called Out for 'Illegal' Cyber Monday Email Stunt, PARADE (Dec. 2, 2025 11:21 AM EST),* https://parade.com/news/shay-mitchells-beis-called-out-for-illegal-cyber-monday-email-stunt.

This kind of fear caused consumers to click on the email in a state of panic—some even in the middle of the night—to find out if their personal information had been stolen or if they were the subject of fraudulent purchases on their accounts.

29. The urgency created by Defendant's email subject line is false, and thus consumers are coerced into opening emails that they would not have opened if the subject lines had been truthful.

30. Defendant violates DCEM because the statement in the email subject line is false and misleading. The false subject line directly contradicted the text and purpose of the email, which was actually a commercial marketing tactic intended to induce consumers to make a purchase at a purported limited-time discount.

31. Plaintiffs seek an injunction. Plaintiffs are permitted to seek an injunction because they have no adequate remedy at law. Legal remedies here are not adequate because they would not stop Defendant from continuing to transmit emails with false or misleading subject lines to Indiana residents.

## II. BEIS Sends Commercial Emails to Consumers It Knows, or Has Reason to Know, Reside in Indiana

32. Defendant sent the false commercial emails to email addresses that Defendant knew, or had reason to know, belong to Indiana residents, either because (i) Defendant had a physical Indiana address associated with the recipient; (ii) Defendant had access to data regarding the recipient indicating that they were in Indiana; or (iii) information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

33. Defendant knows where many of its email recipients reside.

34. First, upon information and belief, for any person that places an order online from BEIS, Defendant associates an email address with a shipping address and/or billing address.

35. Second, upon information and belief, Defendant employs methods to track the effectiveness of its marketing emails and to identify customers who click on the emails and the links within, including the location of those customers.

36. Third, upon information and belief, Defendant utilizes cookies, pixels, and other online tracking technologies to identify and locate consumers who sign up for email advertisements on its website, purchase from its website, or click on links contained in Defendant's marketing emails.

37. Fourth, upon information and belief, Defendant routinely collects and uses customers' state of residence to calculate sales tax on consumers' purchases.

## III. Plaintiffs Received Illegal Emails from Defendant

***Plaintiff Denisse Aguilar***

38. Plaintiff Denisse Aguilar is a resident of Indiana and resided in Indiana at all times relevant to this Complaint.

39. Plaintiff Aguilar receives emails from Defendant at a gmail.com email address (**djaguilarmichel@gmail.com**).

40. Defendant knows, or has reason to know, that Plaintiff Aguilar's email address is held by an Indiana resident.

41. On December 1, 2025, at approximately 2:00 a.m., Plaintiff Aguilar received a commercial email from Defendant (transmitted from the address no-reply@beistravel.com) that stated in the subject line "Action required: Fraud alert." A true and correct depiction of the email as received by Plaintiff Aguilar is shown below:

From: **BÉIS** <no-reply@beistravel.com>
Date: Mon, Dec 1, 2025 at 2:00 AM
Subject: Action required: Fraud alert.
To: <djaguilarmichel@gmail.com>




42. Upon opening the email, Plaintiff Aguilar saw that it was not actually a "fraud alert," but instead a marketing email extending a sale, which stated "SALE EXTENDED" and "The fraud is us . . . sale now extended. 30% off everything continues for one more day—plus one more flash deal."

43. Plaintiff Aguilar was deceived by the email because she believed that Defendant had sent her a fraud alert email that required action on her part to protect or verify her identity, account information, and payment information.

44. Plaintiff Aguilar was physically located in Indiana when she received and opened the email.

45. Defendant initiated the transmission, or conspired to initiate the transmission, of this commercial email message to Plaintiff Aguilar, and did so for the purpose of promoting Defendant's goods for sale.

46. Plaintiff Aguilar never solicited emails with false or misleading subject lines from Defendant and does not want to receive these spam messages.

***Plaintiff Brittney McDonald***

47. Plaintiff Brittney McDonald is a resident of Indiana and resided in Indiana at all times relevant to this Complaint.

48. Plaintiff McDonald receives emails from Defendant at a yahoo.com email address (**brittlikestosave@yahoo.com**).

49. Defendant knows, or has reason to know, that Plaintiff McDonald's email address is held by an Indiana resident.

50. On December 1, 2025, Plaintiff McDonald received a commercial email from Defendant (transmitted from the address no-reply@beistravel.com) that stated in the subject line "Action required: Fraud alert." A true and correct depiction of the email as received by Plaintiff McDonald is shown below:


Found in Yahoo! Inbox
5:49
35
This message is from a mailing list.
Unsubscribe
BÉIS
12/1/25
To: brittlikestosave@yahoo.com
Action required: Fraud alert.


BÉIS
LIMITED TIME
Free Standard Shipping
On All U.S. Orders
SALE
EXTENDED
The fraud is us... sale now extended. 30% off everything
continues for one more day— plus one more flash deal.
SHOP SALE
sions Apply

51. Upon opening the email, Plaintiff McDonald saw that it was not actually a "fraud alert," but instead a marketing email extending a sale, which stated "SALE EXTENDED" and "The fraud is us . . . sale now extended. 30% off everything continues for one more day—plus one more flash deal."

52. Plaintiff McDonald was deceived by the email because she believed that Defendant had sent her a fraud alert email that required action on her part to protect or verify her identity, account information, and payment information.

53. Plaintiff McDonald was physically located in Indiana when she received and opened the email.

54. Defendant initiated the transmission, or conspired to initiate the transmission, of this commercial email message to Plaintiff McDonald, and did so for the purpose of promoting Defendant's goods for sale.

55. Plaintiff McDonald never solicited emails with false or misleading subject lines from Defendant and does not want to receive these spam messages.

***Plaintiff Audra Preston***

56. Plaintiff Audra Preston is a resident of Indiana and resided in Indiana at all times relevant to this Complaint.

57. Plaintiff Preston receives emails from Defendant at a gmail.com email address (**audpreston99@gmail.com**).

58. Defendant knows, or has reason to know, that Plaintiff Preston's email address is held by an Indiana resident.

59. On December 1, 2025, at approximately 2:00 a.m., Plaintiff Preston received a commercial email from Defendant (transmitted from the address no-reply@beistravel.com) that

stated in the subject line, "Action required: Fraud alert." A true and correct depiction of the email as received by Plaintiff Preston is shown below:

From: **BÉIS** <no-reply@beistravel.com>
Date: Mon, Dec 1, 2025 at 2:00 AM
Subject: Action required: Fraud alert.
To: Audra Preston <audpreston99@gmail.com>




60. Upon opening the email, Plaintiff Preston saw that it was not actually a "fraud alert," but instead a marketing email extending a sale, which stated "SALE EXTENDED" and "The fraud is us . . . sale now extended. 30% off everything continues for one more day—plus one more flash deal."

61. Plaintiff Preston was deceived by the email because she believed that Defendant had sent her a fraud alert email that required action on her part to protect or verify her identity, account information, and payment information.

62. Plaintiff Preston was physically located in Indiana when she received and opened the email.

63. Defendant initiated the transmission, or conspired to initiate the transmission, of this commercial email message to Plaintiff Preston, and did so for the purpose of promoting Defendant's goods for sale.

64. Plaintiff Preston never solicited emails with false or misleading subject lines from Defendant and does not want to receive these spam messages.

65. The email subject lines disguised the true subject of the emails (e.g., that a purported sale was being made available) in an effort to trick Plaintiffs into opening the emails.

66. Plaintiffs would like to continue receiving truthful information from Defendant regarding its products. However, due to Defendant's conduct, Plaintiffs cannot tell which emails from Defendant contain truthful information and which emails are spam with false and misleading information designed to cause them to open an email unnecessarily and make a purchase in a hurry.

67. This is especially concerning here because Plaintiffs and the Class can no longer trust that an email actually related to real fraudulent conduct on a consumer's account is truthful. This could potentially lead Plaintiffs and Class members to ignore important emails from businesses that are trying to warn them about harmful fraudulent activity, under the mistaken belief that Defendant or other businesses are simply lying to market their products.

68. Defendant may have sent additional fraudulent or misleading emails to customers related to limited-time sales, last-chance offers, sale extensions, and other emails with false or misleading subject lines. Defendant is aware of all the emails it has sent Plaintiffs and Class members, and discovery will show the full number of illegal spam emails Defendant has sent throughout the relevant time period.

## CLASS ALLEGATIONS

69. Plaintiffs bring this action individually and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 23. The proposed Class is defined as:

**The Class:**

> All persons residing in the State of Indiana who, during the applicable limitations period, received an email from or at the behest of BEIS, LLC that contained in the subject line "Action required: Fraud alert" and/or "XX% Off Sitewide Ends TONIGHT!"

70. Excluded from the Class are Defendant, its subsidiaries and affiliates, officers, directors, the members of their immediate families, and any entity in which Defendant has a controlling interest, including the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded are the judicial officer(s) to whom this action is assigned and the members of their immediate families.

71. Plaintiffs reserve the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

72. This case is properly brought as a class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3), and all requirements of Rule 23(a) are met for the reasons set forth in the following paragraphs.

73. *Numerosity.* The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, and subject to discovery, the Class consists of many thousands of members, the identities of whom are within the exclusive knowledge of Defendant and can be ascertained only by resorting to Defendant's records, discovery, and other third-party sources.

74. *Commonality.* There are numerous questions of law and fact common to the Class relating to Defendant's business practices challenged herein, and those common questions

predominate over any questions affecting only individual Class members. The common questions include, but are not limited to:

- Whether Defendant sent commercial emails with false or misleading information in the subject lines;
- Whether Defendant initiated the transmission, or conspired to initiate the transmission, of such commercial emails to recipients residing in Indiana in violation of Ind. Code § 24-5-22;
- Whether Defendant shall be ordered to pay statutory damages to Plaintiffs and Class members;
- Whether Defendant should be enjoined from further engaging in the misconduct alleged herein; and
- The nature and extent of Class-wide injury and damages.

75. *Typicality.* Plaintiffs' claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practices engaged in by Defendant, as described herein.

76. *Adequacy of Representation.* Plaintiffs are adequate representatives of the Class because Plaintiffs have sustained damages as a result of Defendant's uniform conduct. In addition: Plaintiffs are committed to the vigorous prosecution of this action individually and on behalf of all others similarly situated, and have retained competent counsel experienced in the prosecution of class actions, and in particular class actions on behalf of consumers; there is no hostility of interest between Plaintiffs and the unnamed Class members; Plaintiffs anticipate no difficulty in the management of this litigation as a class action; and Plaintiffs' legal counsel has the financial and legal resources to meet the substantial costs and legal work associated with this type of litigation.

77. *Predominance.* The questions of law and fact common to the Class set forth in the "commonality" allegation above predominate over any individual issues. As such, the "commonality" allegations are restated and incorporated herein by reference. Further, Defendant has a standard practice of initiating or conspiring to initiate commercial electronic messages to email addresses held by Indiana residents, which predominates over any individual issues in this case.

78. *Superiority.* A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because the financial resources of Defendant are significant, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy. In addition, even if Class members could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court, and would create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard that might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

79. All conditions precedent to bringing this action have been satisfied and/or waived.

## FIRST CAUSE OF ACTION

**Violation of Indiana's Deceptive Commercial Electronic Mail Statute ("DCEM")**
**(Ind. Code § 24-5-22-1, *et seq.*)**
**(On behalf of Plaintiffs and the Class)**

80. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

81. Plaintiffs bring this action on behalf of themselves and members of the Class.

82. As alleged more fully above, Defendant violated DCEM by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line.

83. Defendant sent these emails to Plaintiffs and the Class members for the purpose of promoting its products for sale.

84. Defendant knew or had reason to know that it transmitted such emails to email addresses held by Indiana residents, including Plaintiffs.

85. Ind. Code § 24-5-22-2(a) defines "commercial electronic mail" as "an electronic mail message sent to promote real property, goods, or services for sale or lease."

86. The emails sent to Plaintiffs and Class members were "commercial electronic mail," as the purpose of those emails was to advertise goods or services for sale.

87. Ind. Code § 24-5-22-7(b)(3) contains the following prohibition related to commercial electronic mail: "A person may not initiate or assist in the transmission of a commercial electronic mail message that contains false or misleading information in the subject line."

88. Defendant initiated or assisted in the transmission of the emails in this Complaint.

89. Defendant's "Fraud alert" email contained false or misleading information in the subject line.

90. Ind. Code § 24-5-22-7(a) states that "[a] person knows that the intended recipient of a commercial electronic mail message is an Indiana resident if the information is available, upon

request, from the registrant of the Internet domain name contained in the recipient's electronic mail address."

91. Information concerning the residency of Plaintiffs and Class members is (and was) available on request from the registrant of the Internet domain name contained in Plaintiffs' and Class members' electronic mail addresses.

92. Defendant also uses pixels, tracking software, cookies, and other third-party resources to determine the location of Class members.

93. Plaintiffs and Class members are and were, in fact, residents of Indiana at the time the emails were transmitted by Defendant.

94. Plaintiffs and Class members were the intended recipients of the emails.

95. Defendant knew or should have known that Plaintiffs and members of the Class are and were Indiana residents when Defendant sent the emails.

96. A person who is adversely affected by a violation of Section 7 of Indiana Code 24-5-22 may bring an action against a person who initiated or assisted in the transmission of a commercial electronic mail message that violates Section 7 to: (1) enjoin further violation of Section 7 of this chapter; and (2) recover the greater of actual damages arising from the violation or presumptive damages of five hundred dollars ($500). See Ind. Code § 24-5-22-10.

97. Under Ind. Code § 24-5-22-7, it is irrelevant whether the emails were solicited.

98. Each of the emails sent is a separate violation of Ind. Code § 24-5-22-7(b)(3).

99. As a result, Plaintiffs and Class members are entitled to injunctive relief in the form of an order enjoining further violations of Ind. Code § 24-5-22-7(b)(3), and presumptive damages of $500 per violating message (or compensatory damages if greater), attorneys' fees, and litigation costs pursuant to Ind. Code § 24-5-22-10(d).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs and members of the Class respectfully request that the Court:

a. Certify this case as a class action, designating Plaintiffs as class representatives and designating the undersigned as Class Counsel;

b. Declare that Defendant's conduct violates the statute set forth above;

c. Award Plaintiffs and the Class actual damages in an amount according to proof;

d. Award Plaintiffs and the Class presumptive and/or statutory damages as provided by Ind. Code § 24-5-22-10;

e. Award Plaintiffs and the Class pre-judgment interest in the amount permitted by law;

f. Award Plaintiffs their attorneys' fees and costs as permitted by law;

g. Declare Defendant's practices outlined herein to be unlawful;

h. Grant equitable and/or injunctive relief, including an order enjoining Defendant from engaging in the practices outlined herein;

i. Grant Plaintiffs and the Class a trial by jury;

j. Grant leave to amend these pleadings to conform to the evidence produced at trial; and

k. Grant such other relief as the Court deems just and proper, including all forms of relief provided for under Indiana law.

## JURY DEMAND

Plaintiffs, by counsel, demand a trial by jury on all issues so triable.

Dated: September 10, 2026

Respectfully submitted,

*/s/ Tyler B. Ewigleben*
Tyler B. Ewigleben, Ind. Bar No. 36450-49
**JENNINGS & EARLEY PLLC**
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (501) 255-8569
tyler@jefirm.com

** Admitted pro hac vice*
*Counsel for Plaintiffs and the Proposed Class*